1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  DAVID DARON DANIELS,                    No.  2:15-cv-2137 KJN P
12              Plaintiff,
13       v.                                 ORDER
14  RILEY,
15              Defendant.
16
17       Plaintiff is a county jail inmate, proceeding without counsel.  Plaintiff seeks relief
18  pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28
19  U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28
20  U.S.C. § 636(b)(1).  Plaintiff consented to proceed before the undersigned for all purposes.  See
21  28 U.S.C. § 636(c).
22       Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).
23  Accordingly, the request to proceed in forma pauperis will be granted.
24       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.
25  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing
26  fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will
27  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account
28  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

1  (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).
2  In reviewing a complaint under this standard, the court must accept as true the allegations of the
3  complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most
4  favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
5  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6  Plaintiff claims that on October 5, 2015, he discovered rocks in his beans, and that when
7  he informed the tower officer, she told him to tell the floor officer and a replacement meal would
8  be provided.  Plaintiff told floor officer Riley, who responded that plaintiff was lying, and no
9  replacement meal was provided.  Plaintiff states that "due to Officer Riley's negligence and
10 laziness" he "did not eat."  (ECF No. 1 at 3.)

11 A claim for threat to safety arises under the Fourteenth Amendment as to pretrial
12 detainees and under the Eighth Amendment as to convicted inmates.  Bell v. Wolfish, 441 U.S.
13 520, 535 and n. 16 (1979).  Nevertheless, the same standards are applied, requiring proof that the
14 defendant acted with deliberate indifference.  See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.
15 1998).  To state a claim under § 1983 for threat to safety, an inmate must allege facts to support
16 that he was incarcerated under conditions posing a substantial risk of harm and that prison
17 officials were "deliberately indifferent" to those risks.  Farmer v. Brennan, 511 U.S. 825, 832-33
18 (1994).  To adequately allege deliberate indifference, a plaintiff must allege facts to support that a
19 defendant knew of, but disregarded, an excessive risk to inmate safety.  Id. at 837.  That is, "the
20 official must both [have been] aware of facts from which the inference could be drawn that a
21 substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference."  Id.
22 In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a
23 particular defendant and he must allege an affirmative link between the injury and the conduct of
24 that defendant.  Rizzo v. Goode, 423 U.S. 362, 371–72, 377 (1976).

25 Here, plaintiff noticed there were rocks in his beans and did not eat the beans or the rocks.
26 Plaintiff alleges no actual injury, and specifically refers to negligence rather than deliberate
27 indifference.  Moreover, the failure to provide one meal, without more, fails to rise to the level of
28 a constitutional violation.  The constitution "requires only that prisoners receive food that is

adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). "'The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.'" Id. (quoted source omitted).

Plaintiff's present allegations fail to state a cognizable civil rights claim,[1] and it does not appear that plaintiff can amend his complaint to remedy the deficiencies. However, in an abundance of caution, plaintiff's complaint is dismissed and plaintiff is granted leave to file an amended complaint if he can allege facts, in good faith, demonstrating a civil rights violation.

If plaintiff elects to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

---

[1] Plaintiff is cautioned that 28 U.S.C. § 1915(g) provides that if a prisoner brings three actions or appeals that have been dismissed as frivolous, malicious, or for failure to state a claim, he will not be permitted to file a new civil action or appeal unless he is under imminent danger of serious physical injury. Id.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order, he may elect to voluntarily dismiss his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within thirty days of this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint or elect to voluntarily dismiss the action without prejudice.

If plaintiff chooses to amend, the amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file the attached notice in accordance with this order will result in the dismissal of this action.

Dated: November 24, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dani2137.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DARON DANIELS, | No. 2:15-cv-2137 KJN P |
| Plaintiff, | |
| v. | NOTICE |
| RILEY, | |
| Defendant. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint

        OR

    _____    Plaintiff opts to voluntarily dismiss this action.

DATED:

                                      _____
                                      Plaintiff